# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:00CR00087-001 |
| v. | ) | **OPINION AND ORDER** |
| **DONALD ALLEN EDWARDS,** | ) | By: James P. Jones<br>United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed a motion to reduce sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant eligible for relief and I will reduce the sentence.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280 grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty

range of 21 U.S.C. § 841(b)(1)(A) and 28 grams of cocaine base, rather than 5 grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b).

While a defendant whose crime was committed before August 3, 2010, may be eligible for reduction in sentence, 2018 FSA § 404(a), the Act provides that the court is not required to reduce any sentence, *id.* at § 404(c). Thus, the court must first consider whether the defendant is eligible for a reduction in sentence. Second, if the defendant is eligible for reduction, the court must determine whether, and to what extent, a reduction is warranted.

The defendant was indicted in this court on September 14, 2000, and charged with, among other things, conspiring to distribute and possess with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One), and possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count Eight). The defendant pleaded guilty to Counts One and Eight pursuant to a written plea agreement and was determined to have a total offense level as to Count One of 29, and a criminal history category of III, which under the U.S.

Sentencing Guidelines Manual, produced a guideline range of 108 to 135 months.[1] Because the statutory mandatory minimum for Count One exceeded that range, the guideline range was determined to be 120 months. The defendant was sentenced on April 24, 2001, to the statutory mandatory minimum on Count One of 120 months, to be followed by a statutory mandatory minimum consecutive sentence of 120 months on Count Eight, for a total sentence of 240 months. The defendant's current release date is June 30, 2019.

Under the 2018 FSA, the new statutory sentencing range for Count One, if applied to the defendant, would be 5 to 40 years. 21 U.S.C. § 841(b)(1)(B). The statutory mandatory consecutive minimum for Count Eight would remain at ten years, since it is not affected by the 2018 FSA.

I find it appropriate in determining whether to reduce the defendant's sentence, and the extent of any such reduction, to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). I have reviewed the defendant's original Presentence Investigation Report and education and disciplinary data while in

---

[1] The parties agree, and I find that the defendant's guideline range for Count One (without application of the mandatory 60 months minimum) is now 46 to 57 months. The 2018 FSA does not affect the guideline ranges for crack cocaine, and because the defendant is not being resentenced, the original calculation of the defendant's guideline range would not normally be adjusted. However, because the defendant was not previously eligible for retroactive guideline reductions because of his mandatory minimum sentence under Count One, I find it appropriate to now apply those retroactive reductions, so that the defendant's guideline range is as it would be if the defendant were being resentenced today.

prison, as well as the briefs filed by counsel. I will reduce the defendant's sentence to not less than time served, to be followed by a term of supervised release of four years.[2]

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion to Reduce Sentence, ECF No. 299, is GRANTED;

2. <u>The defendant's sentence is hereby reduced to time served as to Count One and time served as to Count Eight, meaning that the defendant has now fully served the imprisonment imposed as to both counts and is to be released from imprisonment</u>. This imprisonment is to be followed by a total term of supervised release of four years, consisting of a term of four years on Count One and a term of four years on Count Eight, the terms of supervised release to run concurrently;

---

[2] The defendant seeks a sentence below time served. Such a sentence would likely mean that the Bureau of Prisons, relying on its interpretation of 18 U.S.C. § 3585(b), would credit the defendant with any overserved time against any sentence of imprisonment the court might later impose for violation of a condition of supervised release. Such "banked time" would prevent the court and its probation officers from successfully supervising the defendant. Without the possibility of the sanction of imprisonment, there could be no effective deterrence against failure to comply with the conditions of supervision, rendering supervision largely futile. It would also endanger the safety of the court's probation officers when they are charged with supervising the defendant without a viable sanction for noncompliance with the officers' instructions. The defendant is in need of effective supervision in order to safely reenter society after having served a lengthy term of imprisonment, taking into account the defendant's history and characteristics. I find that a sentence of time served is consistent with the factors contemplated by § 3553(a), including the need to provide the defendant with appropriate rehabilitative support. *See United States v. Johnson*, 529 U.S. 53, 59 (2000) ("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release.").

3. The defendant's sentencing judgment shall otherwise remain unchanged;

4. The effective date of this Order shall be stayed for 10 days from the date of entry to allow the processing of the defendant's release; and

5. The Probation Office shall immediately transmit this Opinion and Order to the Bureau of Prisons.

ENTER: February 26, 2019

/s/ *James P. Jones*
United States District Judge